**POSTED ON WEB SITE**



FILED

MAY 19 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

HERBERT THOMAS COTTER

                    Debtor.
_____/

Case No. 04-13204-A-11K
DC No.  DMG-7

FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING
APPLICATION FOR PAYMENT OF
FINAL FEES AND EXPENSES

    A hearing was held April 20, 2005, on the application of D. Max Gardner("Applicant") as attorney for Herbert Thomas Cotter (the "Debtor") for payment of final fees and/or expenses (the "Fee Application").  At the hearing, the court asked Applicant to file a supplemental declaration, and the matter was deemed submitted as of May 2, 2005.  This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

    The Debtor filed his voluntary chapter 11 case on April 14, 2004, in pro se.  The petition was filed without Schedules of Assets and Liabilities, a Summary of Assets and Liabilities, or a Statement of Financial Affairs.  Pursuant to Bankruptcy Code § 521(a) and Fed. R. Bankr. P. 1007(c), these documents were to be filed by April 29, 2004.  On April 28, 2004, Applicant filed,

1

311

on behalf of the Debtor, an application to extend the time to
file the Schedules and the Statement of Financial Affairs, and
also on that date filed an application for an order authorizing
employment of attorney.  On May 7, 2004, an order authorizing
Applicant's employment as attorney for the Debtor was entered.
The application for order authorizing employment states that:

> "Debtor paid the sum of $500 on April 13, 2004, for pre-
> bankruptcy consultations and for services rendered in
> preparing a voluntary petition, list of 20 largest unsecured
> creditors, and other documents necessary for a 'skeletal'
> filing.  The Law Offices of D. Max Gardner has received the
> sum of $9,500 as a retainer from an individual named Ed
> Moss, who is a long time patient and personal friend of the
> Debtor.  Counsel has been advised that the payment of the
> $9,500 does not constitute a loan to the Debtor.  That
> payment was made on April 27, 2004.  It is the intention of
> the Applicant to utilize this retainer for services rendered
> and costs incurred until such retainer is exhausted.
> Thereafter, the payment of further fees and expenses will be
> sought from the estate subject to prior Court approval for
> their payment."

The order authorizing employment, prepared by Applicant,
states, in language standard for orders authorizing employment of
attorneys in this court, that:

> "All funds received by counsel in connection with this
> matter, regardless of whether they are denominated a
> retainer or said to be non-refundable, are deemed to be an
> advance payment of fees and to be property of the estate
> except to the extent that counsel demonstrates, pursuant to
> the statement required by 11 U.S.C. Section 329 filed before
> ten days after issuance of this order, that such funds were
> received as the reasonable value of actual pre-petition
> services.
>
> . . .
>
> Funds that are deemed to constitute an advance payment of
> fees shall be maintained in a trust account maintained in an
> authorized depository, which account may be either a
> separate interest-bearing account or an attorney's trust
> account containing commingled funds.  Withdrawals are
> permitted only after approval of an application for
> compensation and after the Court issues an order authorizing
> disbursement of a specific amount."

On May 5, 2004, the Debtor filed his Summary and Schedules A through J, the Statement of Financial Affairs, and a Statement of Intentions.  The Statement of Financial Affairs reflects at ¶ 9 that Applicant was paid $9,500 by Ed Moss at an unspecified date. Until the Fee Application, no other information about his fees or employment was filed by Applicant.

The Fee Application was filed April 1, 2005, along with the declaration of Applicant.  The Fee Application states as follows:

> "6.   Total fees allowed or paid to applicant to date (including retainers and prior approved fee applications): Allowed: 0   Paid: $11,000 (from debtor pre-petition and from a non debtor source.)"

Paragraph 6 of the Fee Application goes on to state that Applicant has received no retainer and has filed no previous fee applications.  In the Fee Application, Applicant requests approval of fees in the amount of $18,934.50, but requests payment of only $7,434.50.  Thus, Applicant requests payment of $11,500 less than the fees for which he requests approval. Applicant also requests approval of reimbursement and reimbursement of expenses in the amount of $632.71.

The declaration in support of the Fee Application states:

> "2.   This is the first and final fee application filed by the Law Offices of D. Max Gardner and seeks compensation for attorney services and costs advanced from the period of April 14, 2004, through March 31, 2005 ("the subject period"); a period of approximately one year.  It should be noted that the amount requested is offset by the payment pre-petition payment [sic] of $1,500 made by the Debtor and $9,500 made by a friend of the Debtor."

At the hearing, because of the discrepancies among the application to authorize employment, the order authorizing employment, and the Fee Application, and because of Applicant's

3

failure to file a disclosure of compensation pursuant to Fed. R. Bankr. P. 2016(b), the court invited Applicant to file a supplemental declaration and/or brief in support of the Fee Application.  Applicant filed the supplemental declaration of D. Max Gardner on May 2, 2005.

The supplemental declaration acknowledges the discrepancy between the application for authorization to be employed and the Fee Application and attributes the $1,000 difference to an accounting program.

> "In my initial Application by Debtor for Order Authorizing Employment of Attorney, I represented that the Debtor had paid the sum of $500 for pre-petition work.  When I filed my first and final fee application, I referred to my office's accounting program which stated that the sum of $1,500 had been paid by the Debtor pre-petition.  The $1,500 amount was stated as the amount paid in the fee application.  I have verified that my accounting program reported $1,500 paid by the Debtor and believe that amount to be accurate, although my general recollection was that the Debtor paid $500, which was why I stated that amount in the Application by Debtor for Order Authorizing Employment of Attorney.  In any event, the proper amount of the offset should be $1,000 since $500 was utilized in pre-petition services.  I apologize for the confusion."

The supplemental declaration also acknowledges that Applicant was in error and in violation of the order authorizing employment when he applied the $9,500 retainer to payment of fees without court approval.  Applicant states that he had not been aware that he is required to obtain court approval to apply a retainer contributed by someone who is not the debtor to outstanding fees.  Applicant states that he did not intend to compensate himself in a manner inconsistent with court orders.

However, Applicant continues to request payment of $7,434.50.  He also suggests that it would be appropriate to allow him payment of an additional $500 (because $500 of what he

4

1   thought was the retainer was actually used for pre-petition

2   services.)  He continues to request reimbursement of costs in the

3   amount of $632.71.

4        Thus, it now appears that prior to the bankruptcy case being

5   filed, the Debtor paid Applicant $1,500.  After the bankruptcy

6   case was filed, Ed Moss paid, on behalf of the Debtor, $9,500 to

7   Applicant.  This entire amount ($11,000) has been utilized by

8   Applicant in payment of fees and costs, without court approval.

9   Some amount, between $500 and $1,000, was, apparently, expended

10  in pre-petition fees.  The balance was applied by Applicant to

11  post-petition fees.

12       The United States Trustee has expressed no views regarding

13  this application.

14       Under Bankruptcy Code § 330(a), the court may award to an

15  attorney employed under § 327 reasonable compensation for actual,

16  necessary services rendered by the attorney and reimbursement for

17  actual, necessary expenses.  Under § 329(a), an attorney for a

18  debtor:

> "Shall file with the court a statement of the compensation
> paid or agreed to be paid, if such payment or agreement was
> made after one year before the date of the filing of the
> petition, for services rendered or to be rendered in
> contemplation of or in connection with the case by such
> attorney, and the source of such compensation."

23       The attorney is required to file such statement whether or

24  not the attorney applies for compensation under the Code.

25       Federal Rule of Bankruptcy Procedure 2016(b) amplifies this

26  requirement.

> "Every attorney for a debtor, whether or not the attorney
> applies for compensation, shall file and transmit to the
> United States trustee within 15 days after the order for

5

relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed."

Official Procedural Form B203 has been created to allow the statement required by § 329(a) and Rule 2016(b) to be made. This official form is titled "Disclosure of Compensation of Attorney for Debtor." No Disclosure of Compensation of Attorney for Debtor has been filed by Applicant in this case.

Applicant has never filed the required Rule 2016 Statement. Though he seeks approval of all fees incurred (paid and unpaid), the notice of the hearing on the Fee Application refers only to approval of fees of $7,434.50 (the yet unpaid amount) and reimbursement of expenses of $632.71.

"Full disclosure is an essential prerequisite for employment and compensation." Movitz v. Baker (In re Triple Star Welding, Inc.), BAP No. AZ-04-1442 MoSZ (9th Cir. BAP April 28, 2005)[1].

> ". . . The Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. . . . The disclosure rules are applied literally, even if the results are sometimes harsh. Negligent or inadvertent omissions do not vitiate the failure to disclose. Similarly, a disclosure violation may result in sanctions regardless of actual harm to the estate."

Neben & Starrett, Inc. v. Chartwell Fin. Corp., (In re Park

---

[1]To be published. Westlaw citation not yet available.

6

1 <u>Helena Corp</u>.) 63 F.3d 877, 880-81 (9th Cir. 1995)(citations and
2 quotation marks omitted).

3     The Bankruptcy Appellate Panel of the Ninth Circuit has
4 stated that under § 327, a professional has a duty to make a
5 full, candid and complete disclosure of all facts having to do
6 with his transactions with the debtor.   It does not matter how
7 irrelevant or trivial a particular matter may seem.   <u>Mehdipour v.</u>
8 <u>Marcus & Millichap</u> (<u>In re Mehdipour</u>), 202 B.R. 474, 480 (9th Cir.
9 BAP 1996) (citations omitted).

10     Thus, full, complete, and accurate disclosure is a pre-
11 requisite to awarding of any compensation to a professional
12 employed by the debtor.   Once such disclosure has been made, the
13 bankruptcy court may exercise its discretion in determining
14 whether to disallow all or part of the requested fees.

15     In this case, a chapter 11 plan has been confirmed,
16 following appointment by the court of a chapter 11 trustee.
17 Creditors in the case are being paid in full pursuant to the
18 plan.   In fact, there is a surplus following payment to all
19 creditors.   No one has asserted that the fees requested by
20 Applicant are not reasonable compensation for actual, necessary
21 services.

22     The issue before the court is to what extent any fees should
23 be denied based on Applicant's failure to disclose that he
24 received $1,500, rather than $500, for pre-bankruptcy services
25 and his work in preparing the petition; Applicant's utilizing the
26 retainer of $9,500 to pay fees absent any court approval; and
27 Applicant's failure to file a Rule 2016 Statement.   In the case,
28 Applicant spent 97.1 hours at an hourly rate of $195 for total

fees of $18,934.50.  He requests reimbursement of expenses in the amount of $632.71.  Thus, the total of fees and expenses is $19,567.21.  Applicant now acknowledges that he received $11,000, all of which he has applied to fees incurred either before or after the case was filed.  Of this amount, according to the supplemental declaration, $500 was utilized for pre-petition work.[2]

To make matters even more complicated, the invoice attached to the application for payment shows that Applicant spent 2.8 hours at $195 per hour from March 25 through April 14, 2004, on behalf of the Debtor.  This would equate to pre-petition fees of $546.  This $546 has not been deducted from the $18,934.50 requested by Applicant.

The failures of Applicant to disclose accurately the amount received from the Debtor prior to filing the case are significant, even if inadvertent.  They have resulted in an amount of uncertainty about this application that adequate, full and accurate disclosure would have prevented.  During the course of this chapter 11 case, Applicant has received in payment of fees $10,500 without any court approval and as to $1,000 of that amount, without any prior disclosure.  (This assumes that $500 was for pre-petition services.)

What then, given the stringent disclosure requirements

---

[2]Of course, the supplemental declaration also indicates a violation of the order authorizing employment in that the order authorizing employment requires the attorney to hold all funds received in trust, unless a statement is filed within ten days that any such funds were received as the reasonable value of actual pre-petition services.

8

1 placed on attorneys employed by debtors in bankruptcy cases on
2 the one hand and the mere inadvertence by Debtor's counsel on the
3 other hand, is the appropriate remedy, particularly in light of
4 the successful conclusion of the chapter 11 case and the surplus
5 being returned to the Debtor?

6    The court is persuaded that the failure to disclose and the
7 payment without court authorization truly were inadvertent rather
8 than deliberate. For that reason, and based on all the facts and
9 circumstances of this case, the court will reduce the requested
10 additional compensation by only the $1,000 that was not
11 previously disclosed. Thus, the court will approve fees in the
12 amount of $17,934.50, rather than the $18,934.50 requested. The
13 Fee Application requested approval of fees of $18,934.50, but the
14 notice of application requested only approval of the unpaid
15 amount. Only the notice was served on all creditors. The Fee
16 Application was served on Debtor, the U. S. Trustee, the chapter
17 11 trustee and his counsel, and the County of Kern Tax Collector
18 and its counsel. However, as all creditors have been paid in
19 full, the court waives this notice defect. This means that the
20 court will allow payment of fees in the amount of $6,434.50, and
21 reimbursement of expenses in the amount of $632.71. Applicant
22 may submit a proposed form of order.

23 DATED: May 19, 2005.

24

25

26

27
_____
WHITNEY RIMEL, Judge
28
United States Bankruptcy Court

9

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF FRESNO         )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On May 19, 2005, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

D. Max Gardner, Esq.
Law Offices of D. Max Gardner
1800 30th Street, 4th Floor
Bakersfield, California 93301-5298

Jeffrey J. Lodge, Esq.
Office of the United States Trustee
1110 U. S. Courthouse
1130 O Street
Fresno, California 93721

Scott Belden, Esq.
KLEIN, DeNATALE, GOLDNER, COOPER,
    ROSENLIEB & KIMBALL
4550 California Ave., Floor 2
P. O. Box 11172
Bakersfield, California 93389-1172

Randell Parker
3820 Herring Road
Arvin, California 93203

Herbert Thomas Cotter
513 Vista Verde Way
Bakersfield, California 93309

10

1    I certify (or declare), under penalty of perjury, that the

2 foregoing is true and correct.  Executed on May 19, 2005, at

3 Fresno, California.

4

5                                                    Kathy Torres   PLS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11